**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BAYFRONT MEDICAL CENTER, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:08-CV-00249 (PLF) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| U.S. Department of Health and Human Services, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Michael O. Leavitt, Secretary of the United States Department of Health and

Human Services (the "Secretary" or "Defendant"), by and through his undersigned counsel,

hereby answers Plaintiff's Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Defendant answers the numbered paragraphs of the Complaint, using the same

numbering contained in the Complaint, as follows:

1. The first three sentences of this paragraph contain Plaintiff's characterizations of this

action, to which no response is required. Denies the fourth sentence.

2. The first and second sentences of this paragraph contain Plaintiff's characterizations

of the Medicare statute, to which no response is required. Denies the third sentence.

3. Defendant lacks information or knowledge sufficient to form a belief as to the truth or

falsity of the first, second and third sentences, and on that basis denies. Denies the fourth

sentence.

4-5.  Denies.

6.  Denies the first sentence of this paragraph.  The second sentence contains Plaintiff's request for relief, to which no response is required.

7-9.  These paragraphs contain conclusions of law, to which no response is required.

10-12.  Admits.

13.  This paragraph contains conclusions of law and Plaintiff's characterizations of this action and the Medicare statute, to which no response is required.

14-16.  These paragraphs contain conclusions of law and Plaintiff's characterizations of various provisions of the Medicare statute and regulations, to which no response is required.

17.  Admits.

18.  This paragraph contains Plaintiff's characterization of and partial quotation from a Medicare regulation, to which no response is required.

19.  Admits.

20.  This paragraph contains Plaintiff's characterizations of Medicare regulations and a decision by this Court, to which no response is required.

21-23.  These paragraphs contain Plaintiff's characterizations of various provisions of the Medicare statute and regulations, to which no response is required.

24.  This paragraph contains conclusions of law and Plaintiff's characterizations of 42 U.S.C. § 1395oo(f) and the Administrative Procedure Act, to which no response is required.

25.  Admits.

26.  Admits the first sentence of this paragraph.  Defendant lacks information or

knowledge sufficient to form a belief as to the truth or falsity of the second and third sentences, and on that basis denies.

27.  This paragraph contains Plaintiff's characterizations of its position before the Provider Reimbursement Review Board ("PRRB"), to which no response is required.  See Administrative Record ("A.R.") at 24-37

28.  Admits the first sentence of this paragraph.  See A.R. 24-37.  The second sentence contains Plaintiff's characterization of the decision of the PRRB, to which no response is required.  See id.

29.  Admits.  See A.R. at 2-17.

30.  Admits.

31.  Admits the first sentence of this paragraph.  Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the second sentence, and on that basis denies.

32-33.  These paragraphs contain Plaintiff's characterizations of various provisions of the Medicare statute and a Medicare regulation, and of a decided case, to which no response is required.

34.  The first sentence of this paragraph contains Plaintiff's characterizations of the Medicare statute and regulations, to which no response is required.  Admits the second sentence.

35-40.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and regulations, and of a decided case, to which no response is required.

41.  Admits.

42-45.  These paragraphs contain Plaintiff's characterizations of the Medicare statute and

regulations, to which no response is required.

46-47.  These paragraphs contain Plaintiff's characterizations of the Balanced Budget Act of 1997 and the Medicare statute, to which no response is required.

48.  This paragraph contains Plaintiff's characterization of and partial quotations from the Federal Register, to which no response is required.

49.  The first sentence of this paragraph contains a quotation from the Federal Register, to which no response is required.  The second sentence contains a conclusion of law, to which no response is required.

50-52.  These paragraphs contain Plaintiff's characterizations of and partial quotations from Federal Register documents and Medicare regulations, to which no response is required.

53.  Admits that the Centers for Medicare & Medicaid Services ("CMS") issued a program memorandum dated July 1998 that appeared in the record before the PRRB as Provider Exhibit P-27 (see A.R. 361); the remainder of this paragraph contains Plaintiff's characterizations of the program memorandum, to which no response is required.  Footnote 1 contains Plaintiff's characterization of its Complaint, to which no response is required.

54-57.  These paragraphs contain Plaintiff's characterizations of and partial quotations from the cited program memorandum, to which no response is required.

58.  Admits.

59-62.  These paragraphs contain Plaintiff's characterizations of and quotations from Plaintiff's Exhibit 31 before the PRRB, to which no response is required.  See A.R. 401-02.

63.  Denies.

64-67.  These paragraphs contain Plaintiff's characterizations of Federal Register

documents and a Medicare regulation, to which no response is required

68-71.  These paragraphs contain Plaintiff's characterizations of and quotations from a

program memorandum dated February 2003, to which no response is required.  See A.R. 444-46.

72.  Admits.

73.  Admits the first sentence of this paragraph.  Responding to the allegations in the

second sentence, admits that claims for payment included Social Security numbers and treating

physician license numbers; Defendant lacks information or knowledge sufficient to form a belief

as to the truth or falsity of the remainder of the second sentence, and on that basis denies.

Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of

the third sentence, and on that basis denies.

74-79.  Defendant lacks information or knowledge sufficient to form a belief as to the

truth or falsity of these paragraphs, and on that basis denies.

80.  This paragraph contains Plaintiff's characterizations of certain of its exhibits before

the PRRB and a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to

which no response is required.  See A.R. 174-84.  By way of further answer, Defendant avers

that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal

intermediary.

81.  Denies the first sentence.  The remainder of this paragraph contains Plaintiff's

characterizations of a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to

which no response is required.  See A.R. 489-92.  By way of further answer, Defendant avers

that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal

intermediary.

82. This paragraph contains Plaintiff's characterizations of a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to which no response is required. See A.R. 489-92. By way of further answer, Defendant avers that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal intermediary.

83. The first sentence of this paragraph contains Plaintiff's characterizations of certain of its exhibits before the PRRB, to which no response is required. See A.R. 185-205, 304. The second sentence of this paragraph contains Plaintiff's characterizations of a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to which no response is required. See A.R. 491. By way of further answer, Defendant avers that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal intermediary.

84. This paragraph contains Plaintiff's characterizations of certain of its exhibits before the PRRB and a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to which no response is required. See A.R. 491, 164-67, 306. By way of further answer, Defendant avers that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal intermediary.

85. The first sentence of this paragraph contains Plaintiff's characterizations of certain of its exhibits before the PRRB, to which no response is required. See A.R. 207-74, 311. The second and third sentences of this paragraph contain Plaintiff's characterizations of a Stipulation of Facts entered into by Plaintiff and the fiscal intermediary, to which no response is required. See A.R. 491. By way of further answer, Defendant avers that it is not a party to proceedings before the PRRB and is not bound by stipulations of the fiscal intermediary.

86. The first sentence of this paragraph contains Plaintiff's characterizations of certain of

its exhibits before the PRRB, to which no response is required.  See A.R. 275-302, 31.  The

second and third sentences of this paragraph contain Plaintiff's characterizations of a Stipulation

of Facts entered into by Plaintiff and the fiscal intermediary, to which no response is required.

See A.R. 492.  By way of further answer, Defendant avers that it is not a party to proceedings

before the PRRB and is not bound by stipulations of the fiscal intermediary.

> 87.  This paragraph contains Plaintiff's characterizations of a Stipulation of Facts entered

into by Plaintiff and the fiscal intermediary, to which no response is required.  See A.R. 491-92.

By way of further answer, Defendant avers that it is not a party to proceedings before the PRRB

and is not bound by stipulations of the fiscal intermediary.

> 88-89.  Denies.

> 90.  This paragraph contains Plaintiff's request for relief, to which no response is

required.  To the extent a response is deemed to be required, Defendant denies that Plaintiff is

entitled to any relief whatsoever.

> All allegations contained in the Complaint not heretofore specifically admitted,

modified, or denied are hereby generally denied as completely as if separately and specifically

denied.

> Defendant respectfully requests that the Court enter judgment dismissing this action with

prejudice, affirming the validity of the challenged agency action, and awarding Defendant costs

and such other relief as the Court may deem appropriate.

The Secretary will file separately a certified copy of the administrative record.

Respectfully submitted,

_____/s/_____

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar No. 498610

_____/s/_____

CHRISTOPHER B. HARWOOD
Assistant United States Attorney
New York Registration No. 4202982
555 Fourth Street, N.W.
Washington, DC 20530
(202) 307-0372
(202) 514-8780 (fax)

_____/s/_____

DAVID HOSKINS
U.S. Department of Health and Human Services
Office of the General Counsel
Cohen Building, Rm 5328
330 Independence Ave., SW
Washington, D.C. 20201
(202) 260-3860
(202) 401-1405 (fax)

OF COUNSEL:

THOMAS R. BARKER
Acting General Counsel

JANICE L. HOFFMAN
Associate General Counsel

MARK D. POLSTON
Deputy Associate General
    Counsel for Litigation

United States Department of
    Health and Human Services